IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. BRANCH, | : | CIVIL ACTION NO. 1:04-CV-1054 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| C/O GOWAT, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

Presently before the court is defendants' motion to dismiss (Doc. 23) the

claims of William R. Branch ("Branch") brought pursuant to 42 U.S.C. § 1983.  (Doc.

1).  For the following reasons, the motion will be denied.

**I      Statement of Facts**

Branch alleges that while he was incarcerated at the State Correctional

Institution at Waymart, Pennsylvania, defendants Gowat, Friedman, Griffin and

Gagas forced him to cut his hair in violation of his religious beliefs, and refused him

a shower before attending church.  He alleges that this conduct was in retaliation

for another, pending lawsuit.  Branch also complains that defendants Friedman and

Griffin were aware of irregularities that occurred during  a misconduct proceeding.

The Pennsylvania Department of Corrections (DOC) has established an

inmate grievance review system which provides an avenue for prisoners to resolve

problems or issues arising during the course of confinement.  See DC-ADM 804.

(Doc. 24-2, p. 11).  The procedure in effect at the time of the alleged incident

provided for three stages of review:  Initial Review, grievance presented to the

Facility Grievance Coordinator, DC-ADM 804, PartVI B; appeal from the initial review known as the Appeal to Facility Manager, DC-ADM-804 Part VI C; and the final appeal to the Secretary's Office of Inmate Grievances and Appeals, DC-ADM-804 Part VI.D.  (Doc. 24-2, Ex. A, pp. 10-24).

Initial review requires the inmate to submit a signed and dated grievance form with the Facility Grievance Coordinator.  Upon receipt, a grievance tracking number is assigned, the grievance is entered into the Automated Inmate Grievance Tracking System, and a grievance officer is assigned to conduct the review.  (Doc. 24-2, p. 15).   The grievance officer then provides the inmate with a response within ten working days.

If the inmate is dissatisfied with the response, he may raise issues contained in the original grievance in an appeal to the Facility Manager.  Within fifteen working days of receiving the appeal, the inmate is notified of the Facility Manager's decision.

The next level of review is an appeal submitted to the Secretary's Office of Inmate Grievances and Appeals.  The inmate is responsible for providing all available paperwork relevant to the appeal.  See DC-ADM 804, VI D, 1h.  "A proper appeal to final review should include photocopies of the initial grievance, Initial Review, and the Appeal to Facility Manager along with the Facility Manager's decision." (Doc. 24-2, p. 17).  Appeals to final review will be decided within thirty working days of receipt.

On May 18, 2001, Branch filed a grievance complaining that he was forced to cut his hair in violation of his religious beliefs, was given a false misconduct, and was subjected to other acts of retaliation.  The grievance was denied on May 30, 2001, and he immediately filed an appeal.  He received a response the following day, sustaining the denial of the initial grievance.  Branch then timely appealed the grievance to final review.  His appeal was denied.  (Doc. 24-2, p. 44).

Branch also filed a grievance on February 2, 2004, concerning the denial of shower privileges.  This grievance was referred to a grievance officer and denied. Branch appealed to the Facility Manager.  His appeal was denied.  He then sought review from the Secretary's Office of Inmate Grievances and Appeals.  On February 20, 2004, a notice was sent to Branch informing him that his appeal was defective because he failed to file required documentation in accordance with DC-ADM 804, VI D, 1 h.  (Doc. 24-2, p. 62).  The notice described with precision the necessary documentation and Branch was afforded ten days to provide the required materials.  Purportedly, Branch failed to comply with the notice and his appeal was not considered.   According to defendants, Branch has not exhausted his administrative remedies.

Branch specifically alleges that he exhausted his administrative remedies, but notes that "Defendant failed to respond w/time aloted [sic]."  (Doc. 1, p. 2).  In addition, Branch denies having received the notice directing him to submit documents and indicates that because he never received a response from the

Secretary's Office of Inmate Grievances and Appeals, he waited ninety days and then filed this action.  (Doc. 25, p. 1).

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Swierkiewicz v. Sorema N.A.</u>, 534

U.S. 506, 514 (2002).  "The complaint will be deemed to have alleged sufficient facts

if it adequately put[s] the defendant on notice of the essential elements of the

plaintiff's cause of action."  <u>Langford</u>, 235 F.3d at 847.  The court must grant leave

to amend before dismissing a complaint that is merely deficient.  <u>See</u> <u>Shane v.</u>

<u>Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   <u>Discussion</u>

The Prison Litigation Reform Act (PLRA) requires prisoners to present their

claims through an administrative grievance process before seeking redress in

federal court.  The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any

claim that arises in the prison setting, regardless of any limitations on the kind of

relief that may be gained through the grievance process.  <u>See</u> <u>Porter v. Nussle</u>, 534

U.S. 516, 532 (2002): <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond

the power of [any] court . . . to excuse compliance with the exhaustion

requirement."  <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000)(quoting <u>Beeson v.</u>

<u>Fishkill Corr. Facility</u>, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)).

The PLRA requires not only technical exhaustion of the administrative

remedies, but also substantial compliance with procedural requirements.  <u>Spruill v.</u>

<u>Gillis</u>, 372 F.3d 218, 227-32 (3d Cir. 2004); <u>see</u> <u>also</u> <u>Nyhuis</u>, 204 F.3d at 77-78.

5

A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court. <u>Spruill</u>, 372 F.3d at 227-32.

Defendants seek to dismiss the complaint in its entirety. However, the supporting brief references only the grievance concerning Branch's denial of shower privileges. Hence, the court's analysis is limited to that grievance and the corresponding legal claim.

The limited[1] record indicates that Branch may have procedurally defaulted his denial of shower privileges claim because he failed to file the materials necessary to resolve his grievance at the final level of appeal. However, Branch asserts that defendants did not respond to his appeal in a timely fashion, and that he did not receive the notice directing him to file the materials necessary to perfect his appeal. Given the procedural posture of this case, these assertions preclude the court from granting defendants' motion. The issues raised with respect to this particular grievance are more appropriately considered in the context of a motion for summary judgment. Consequently, defendants' motion to dismiss will be denied.

An appropriate order will issue.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:        December 12, 2005

---

[1]<u>See</u> Section II infra.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | **CIVIL ACTION NO. 1:04-CV-1054** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **C/O GOWAT, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 12th day of December 2005, upon consideration of the

defendants' motion to dismiss (Doc. 23 ), it is hereby ORDERED that:

1.    Defendants' motion is DENIED.

2.    Defendants shall file an answer to the complaint (Doc. 1) or
       appropriate pre-trial motion on or before December 22, 2005.


   /s/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge